RECEIVED
IN LAKE CHARLES, LA

JUL 13 2006

ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| UNITED STATES OF AMERICA | : | DOCKET NO. 00-CR-20030-07 |
| --- | --- | --- |
|  |  | CIVIL ACTION NO. 06-451 |
| VS. | : | JUDGE TRIMBLE |
| RAYNELL KIM DISPANY | : | MAGISTRATE JUDGE WILSON |

## MEMORANDUM ORDER

Before the Court is a Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255 filed by Petitioner, Raynell Kim Dispany. The Government has answered the motion and the Petitioner has responded. For the following reasons, the motion will be denied.

## PROCEDURAL HISTORY

On March 15, 2000, Petitioner along with other individuals was indicted with conspiracy to distribute cocaine base (Count 1) and with distribution of cocaine base (Count 6). On September 15, 2000, pursuant to a motion by the government, Count Six was dismissed. On September 20, 2000, a jury found the defendant guilty of Count One. On January 24, 2001, Petitioner was sentenced to 188 months in the Federal Bureau of Prisons. On July 15, 2004, Petitioner filed a motion to file an out-of-time appeal which was denied on July 26, 2004. On August 2, 2004, Petitioner filed a second motion for an out-of-time appeal which was denied on August 15, 2004. On March 8, 2006, Petitioner filed the instant motion to vacate sentence under 28 U.S.C. § 2255.

## LAW AND ANALYSIS

Petitioner seeks to have this Court vacate and remand the current judgment and reinstate his appeal rights based upon his belief that he was deprived of his constitutional right of due process under the 6th and 14th Amendments due to ineffective assistance of counsel. Petitioner argues ineffective assistance of

counsel because his attorney failed to appeal his sentence and conviction.

The Government argues that Petitioner's motion is untimely.

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") provides for a one-year period of limitations for a prisoner to file a habeas petition under 28 U.S.C. § 2255. The limitations period runs from the latest of:

> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or law of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255.

"[A] conviction becomes final when a defendant's options for further direct review are foreclosed."[1] Petitioner was found guilty by a jury on September 20, 2000 and was sentenced on January 24, 2001. Petitioner filed the instant motion on March 8, 2006. Obviously, more than one year has passed since Petitioner's conviction and sentencing became final. Petitioner submits no reasonable justification as to why he could not have discovered within one year that his attorney did not pursue an appeal. Petitioner states that his attorney visited him on or about January 27, 2001 and informed him that he had filed a notice of appeal. On or about February 10, 2001, Petitioner was transferred to another county jail to face state charges. Even though he attempted to contact his attorney, he was unsuccessful because his attorney had relocated. On November 10, 2003, Petitioner states he was convicted of murder[2] and sentenced to 20 years to run concurrent with his federal sentence. On or about December 19, 2003, the

---

[1] *United States v. Thomas*, 203 F.3d 350, 352 (5th Cir. 2000).

[2] Defendant pleaded *nolo contendere* to the lesser offense of manslaughter. Doc. #561 of 00-CR-20030-07, Gov. Exhibit C.

U.S. Marshal's Service transferred Petitioner to the Lake Charles County Jail. On or about February 14, 2004, Petitioner was transferred to a state prison in Cottonport, Louisiana. On or about August 20, 2005, Petitioner states he won his appeal on his state conviction and was transferred back into the custody of the U.S. Marshals and finally, the Federal Bureau of Prisons.

Petitioner seems to argue that the facilities he was placed in did not have a federal law library, thus he was unable to "respond by "VIA" motion as the courts requested."[3] Petitioner's argument lacks merit. Whether Petitioner was in a state or federal prison is of no moment. Petitioner could have discovered through the exercise of due diligence within the one year time period allowed by § 2255 that his attorney had not appealed his conviction or sentence.

## CONCLUSION

Based on the foregoing,

**IT IS ORDERED** that the motion to vacate, set aside or correct sentence under 28 U.S.C. § 2255 is hereby **DENIED**.

THUS DONE AND SIGNED in Chambers at Lake Charles, Louisiana, this 13th day of July, 2006.

JAMES T. TRIMBLE, JR.
UNITED STATES DISTRICT JUDGE

---

[3] Memorandum, p. 7, ¶ 8.